UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CHEN,<br><br>                     Plaintiff,<br><br>-against-<br><br>ANDREA MITCHELL, CORRESPONDENT, NBC NEWS; KIM JONG-UN, LEADER, DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA; DONALD J. TRUMP, PRESIDENT, USA,<br><br>                     Defendants. | 19-CV-2764 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction under 28 U..S.C. §1331, and asserting that Defendants deprived him of his rights under the First, Fourth, and Thirteenth Amendments. By order dated June 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff brings this action against Andrea Mitchell, a correspondent for NBC News; Kim Jong-un, the leader of North Korea; and Donald Trump, President of the United States. He invokes the Court's federal question jurisdiction and asserts that Defendants violated his First Amendment right of freedom of the press, his Fourth Amendment right to privacy, and his Thirteenth Amendment right "against slavery." (Compl. at 2.) Plaintiff's entire statement of claim reads as follows:

> On March 15, 2019, Ms. Mitchell on NBC Nightly News said that Kim might suspend talks with the U.S. and resume testing of certain weapons. She narrated a segment of about one minute.
>
> It is well-known, and supported by both Kim's and Trump's governments, that many statements about "weapons" in North Korea actually refer to my writings, some of which carry accusations of high-level scandal in America. My work as a journalist and historian has gone on parallel with the "Korean" coverage of American media including NBC, and this work is being stolen, spoiled, and made deadpan fun of virtually while I carry it out.
>
> (I am an American citizen who has never had any dealings with either Korea, and I have never been told by any official that I should keep my scandalous findings

2

> secret. My writings, including my accusations, cannot cause physical harm to anyone; they are not rockets or bombs.)

(*Id*. at 5.) Plaintiff seeks unspecified relief.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, Plaintiff's complaint must be dismissed. *Triestman*, 470 F.3d at 474-75. Instead of providing a short statement of facts presenting a plausible claim for relief, as required under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff includes wholly conclusory assertions without any context, and does not state any facts suggesting that he has viable claims against Defendants. Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 3, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge